UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KEON LIPSCOMB, #R25793,         )
                                )
                    Plaintiff,  )
                                )
v.                              )        No.: 14-1324-SLD
                                )
                                )
RANDY PFISTER, et al.,          )
                                )
                    Defendants. )

**MERIT REVIEW ORDER ON AMENDED COMPLAINT**

The plaintiff, proceeding pro se and incarcerated in the Pontiac Correctional Center, has filed Motion for Leave to File Amended Complaint [50], which is GRANTED. Plaintiff's original complaint named Defendant Warden Pfister, Guy Pierce and Kevin DeLong and alleged that for two years he had been held in continuous segregation confinement. Plaintiff's Amended Complaint adds as Defendants, Warden Motteler, Major Zook and Dr. Garlic.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-

1

unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff reasserts against Defendants Pfister and DeLong that they kept him in a segregation cell which is illuminated 24 hours per day, has inadequate ventilation, is excessively noisy and is excessively hot.  He does not reassert his claims as to Defendant Pierce.  Plaintiff alleges that the conditions in segregation have caused him to suffer mental deterioration, to self-mutilate and to attempt suicide.  He also asserts an equal protection claim, alleging that other inmates spend only short amounts of time in segregation and that he is receiving disparate treatment.  Plaintiff also claims that he has been placed in segregation in retaliation for filed lawsuits.  He attempts to reassert his claim for denial of telephone access to his attorney and family members but this was dismissed at summary judgment [24], and will not be allowed.

On March 14, 2014, Plaintiff allegedly attempted suicide due to the conditions in his segregation cell.  He was taken to the healthcare unit and, after he refused treatment was returned to his cell, on suicide watch.  Plaintiff allegedly informed Lt. Zook that if he were placed back in the cell he would, again, attempt suicide.  He was placed in the cell nonetheless where he engaged in self-mutilation and was taken back to the healthcare unit.  Plaintiff will be allowed to go forward on a deliberate indifference claim as to Lt. Zook.

Plaintiff was seen by Defendant Dr. Garlic the next day.  Dr. Garlic allegedly gave him the choice of remaining in the health care unit in 4-point restraints or returning to his cell on suicide watch.  Plaintiff chose the latter.  This is the only allegation against Dr. Garlic and fails to state even a threshold claim of deliberate indifference.  "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v.*

*Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Here, Dr. Garlic gave Plaintiff a choice of two alternatives to safely contain Plaintiff while he was experiencing suicidal ideation. The claim against Dr. Garlic fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A, and is DISMISSED.

Plaintiff asserts that Warden Motteler is responsible for the operations at Pontiac and that she "retaliated", with no further detail. Plaintiff fails to state a claim against Warden Motteler as a bald assertion of retaliation is not sufficient to place Defendant on notice of the claims against her. Furthermore, Section 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(internal quotations and citations omitted). "To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff does not allege any specific actions by Defendant Motteler and she is DISMISSED.

Plaintiff's Amended Complaint states a colorable claim against Defendants Pfister and DeLong for unconstitutional conditions of confinement, retaliation, and equal protection violations. It also states a claim against Defendant Zook for deliberate indifference to a serious medical need. Defendants Pierce, Garlic and Motteler are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Leave to Amend [50], is GRANTED. The Clerk is DIRECTED to File the Amended Complaint. Plaintiff's prior Motion for Leave to Amend [49] is MOOT.

2. This case shall proceed solely on the federal claim(s) identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Pierce, Garlic and Motteler are DISMISSED.

3. Defendants' Second Motion for Withdrawal of Admissions [58] is GRANTED as this case was reassigned, and Assistant Attorney General Michael Myhre only entered his appearance on 11/19/15

4. Plaintiff files a Motion for Issuance of Subpoenas to seven individuals regarding his Equal Protection claim. Plaintiff wishes to subpoena other inmates to establish the time periods in which inmates are generally held in segregation confinement. The other inmates' time in segregation would be irrelevant as to the inquiry of Plaintiff's time in segregation. Furthermore, Plaintiff's questions regarding the ventilation system in the North Cell House is properly the subject of a discovery request. [56] is DENIED.

5. Plaintiff's Motion requesting that the allegations of the Request to Admit be deemed admitted [48], is DENIED.

6. Defendants' file [55], Motions to Strike their filings at [51] and [52] as made under the login of the wrong Assistant Attorney General. [55] is GRANTED. [51] and [52] are STRICKEN and Assistant Attorney General Ashely Vincent is TERMINATED as counsel of record. Defendants file [54], a Motion to Substitute Assistant Attorney General Michael Myhre in place of Amber Porter and Christopher Higgerson. [54] is GRANTED with the Clerk to TERMINATE Ms. Porter and Mr. Higgerson as counsel of record.

7. The Clerk is directed to send to Defendant Zook pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

8. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

10. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

11. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

12. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

13. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

Entered this 11th day of December, 2015

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE